UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. 13-CR-959 MV

ELIAS ATENCIO

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Elias Atencio's pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Doc. 90. The government filed a Response. Doc 92. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Atencio is not eligible for a sentence reduction and his motion must be denied.

## DISCUSSION

On February 8, 2016, Mr. Atencio was sentenced to a term of 264 months. Doc. 48. As to Count 1 of his Indictment, based on his criminal history category of VI and total offense level of 31, Mr. Atencio's guideline range was 188-235 months. PSR at ¶ 97. However, Count 3 carries a minimum term of 84 months, which must be imposed consecutively, bringing his total guideline range to 272-319 months. *Id.* at ¶ 116. His past criminal convictions resulted in a criminal history score of 19. *Id.* at ¶ 50. He was assigned two additional "status points" based on having committed the instant offense while under a criminal justice sentence, bringing his total criminal history score

1

to 21. *Id.* at ¶ 51. Any individual with a criminal history score of 13 or more points is placed in criminal history category VI.

On January 31, 2024, Mr. Atencio filed a motion requesting a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Doc. 90. Under 18 U.S.C. § 3582(c)(2), this court may reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Under Amendment 821, Part A, which became effective on November 1, 2023, the Sentencing Commission altered the status points provision regarding criminal history so that an individual who is assessed seven criminal history points or more only receives one additional status criminal history point, rather than two, for committing an offense while under a criminal justice sentence. § 4A1.1(e). Under Amendment 821, Part B, which also became effective on November 1, 2023, the Sentencing Commission established a two-level downward offense level adjustment for defendants with zero criminal history points who met certain criteria. § 4C1.1(a). On August 24, 2023, the Commission made Amendment 821 retroactive. See § 1B1.10(d).

The Tenth Circuit has made clear that, when determining whether to grant a motion for a modification or reduction of sentence, "the first question, a matter of law, is whether a sentence reduction is even authorized." *United States v. White*, 765 F.3d 1240, 1245-46 (10th Cir. 2014). Before modifying a sentence of imprisonment that constitutes a final judgment, a court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *United States v. Dillon*, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10). The Application Notes to U.S.S.G. § 1B1.10 state that a reduction in a term of imprisonment is not authorized under 18 U.S.C. §

3582(c) if the amendment in question "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). The district court does not have the power to modify a sentence pursuant to § 3582(c)(2) unless the defendant was sentenced based on a guidelines range lowered by a subsequent amendment to the Sentencing Guidelines. *United States v. McGee*, 615 F.3d 1287, 1291-92 (10th Cir. 2010).

While Mr. Atencio's total criminal history score would be altered by Amendment 821, his guidelines range would remain unchanged. Specifically, under Amendment 821, Part A, he would be assessed only one status point (instead of two) for committing the instant offense while under a criminal justice sentence. While this would reduce his criminal history *score* from 21 to 20 points, it would not affect his criminal history *category*, upon which his guidelines range was based. Neither would Amendment 821, Part B have any effect on the calculation of Mr. Atencio's guidelines, as he was not a zero-point offender. Thus, even under Amendment 821, Mr. Atencio would have a total offense level of 31, a criminal history category of VI, and a guideline range was 188-235 months – the same total offense level, criminal history category, and guideline range that he had when he was sentenced. Because Mr. Atencio's guidelines range thus would remain unaltered, Amendment 821 "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10 cmt. n.1(A). This Court therefore must deny Mr. Atencio's request to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.

**IT IS THEREFORE ORDERED** that Mr. Atencio's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 48] is **DENIED**.

ENTERED this 22nd day of August 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE